IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY and WEST AMERICAN INSURANCE COMPANY,<br><br>    Plaintiffs and Cross-Defendants,<br><br>vs.<br><br>CLOUD NINE, LLC, et al.,<br><br>    Defendants.<br><br>_____<br><br>UNIGARD INSURANCE COMPANY,<br><br>    Plaintiff/Intervenor and Cross-Claimant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 1:05-CV-88 TC |

On November 14, 2006, the court granted Unigard Insurance Company's Motion for Partial Summary Judgment Regarding Insurers' Defense Obligations. The Ohio Casualty Insurance Company filed a Rule 59(e) Motion for Reconsideration of the Court's Order Allocating Defense Costs. For the reasons set forth below, Ohio Casualty's 59(e) Motion for Reconsideration is DENIED.

Whether to grant or deny a motion for reconsideration under Rule 59(e) is committed to the court's discretion. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). The Tenth Circuit recognizes only certain grounds for granting such a motion, including those cases where

movants can show: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.  See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Servants of the Paraclete, 204 F.3d at 1012.  A Rule 59(e) motion should be granted "only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling."  Bao Ge v. Li Peng, 201 F. Supp. 2d 14, 26 (D.D.C. 2001) (quotations & citations omitted), aff'd 35 Fed. Appx. 1 (D.C. Cir. Mar. 1, 2002).  Further, "[i]n order to show clear error or manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court – '[p]arties are not free to relitigate issues that the Court has already decided.'"  United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D.Pa. 2003) (citations omitted).

  Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue more persuasively issues already presented to and addressed by the Court, or tries to take a second bite at the apple.  See, e.g., National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citing numerous cases for proposition that Rule 59(e) motions are commonly rejected where the movant "was rehashing old arguments already rejected by the trial court"); Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case"); Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000), cert. denied, Beverley v. Oto, 531 U.S. 1152 (2001) (motions for reconsideration under Rule 59(e)

which "merely took umbrage with the [district] court's ruling and rehashed old arguments," and "did not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent . . . were properly rejected by District Court");  Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (upholding denial of Rule 59(e) motion where motion "presented no arguments that had not already been raised").

In its motion for reconsideration, Ohio Casualty repeats and re-emphasizes arguments it presented to the court during initial consideration of Unigard's Motion for Partial Summary Judgment.  The court does not find the arguments persuasive.  To the extent Ohio Casualty disagrees with the court's decision, such a matter is for the Tenth Circuit Court of Appeals.

For the foregoing reasons and for the reasons set forth in the court's November 14, 2006 Order, Ohio Casualty's Rule 59(e) Motion for Reconsideration of the Court's Order Allocating Defense Costs is DENIED.

SO ORDERED this 4th day of January, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge